1   **O'MELVENY & MYERS LLP**
2   RANDALL W. EDWARDS (S.B. #179053)
    redwards@omm.com
3   Two Embarcadero Center, 28th Floor
4   San Francisco, California 94111
    Telephone:  (415) 984-8700
5   Facsimile:   (415) 984-8701

6
    REBECCA A. GIROLAMO (S.B. # 293422)
7   bgirolamo@omm.com
8   400 South Hope Street, 19th Floor
    Los Angeles, California 90071
9   Telephone:  (213) 430-6000
    Facsimile: (213) 430-6407
10

11  *Attorneys for Defendant,*
12  *Albert Corporation*

13              **UNITED STATES DISTRICT COURT**
14            **CENTRAL DISTRICT OF CALIFORNIA**
15

16  Tyquila Collins, individually and on      Case No. 2:24-cv-03003-MWF-MAA
    behalf of all others similarly situated,
17                                            **ANSWER TO CLASS ACTION**
                          Plaintiff,          **COMPLAINT**
18
19          v.
20  Albert Corporation,                       **JURY TRIAL DEMAND**
21                        Defendants.
22

23
24
25
26
27
28

Defendant Albert Corporation, by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 8(b), answers the Complaint of Plaintiff Tyquila Collins as follows.

Except as otherwise expressly admitted below, Albert denies each allegation in the Complaint, including any allegations contained in the preamble, headings, subheadings, or any other text that is not contained in a numbered paragraph, and Albert specifically denies any liability to Plaintiff or any members of the proposed class that Plaintiff seeks to represent. Albert answers only factual allegations contained in the Complaint. To the extent that any portion of the Complaint asserts conclusions of law, no responsive pleading is required.

## INTRODUCTION

1.    This action arises out of the marketing practices of Defendant, Albert Corporation ("Defendant" or "Albert Corp.") that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

**ANSWER:**  Albert admits that Paragraph 1 describes Plaintiff's contentions in this case but denies those contentions have any merit.

2.    Defendant sends telemarketing text messages advertising Defendant's services.

**ANSWER:** Albert admits that it sends text messages to certain Albert users who opt in to receiving text messages and in response to certain inquiries on Albert's website or application for various purposes, including account servicing and advertising. Albert otherwise denies the allegations in Paragraph 2.

3.    Defendant continues to send telemarketing text messages even after it receives multiple requests from the called party requesting that Defendant stop.

**ANSWER:** Denied.

4.    Accordingly, Ms. Collins brings this action on behalf of herself and classes of similarly situated individuals.

ANSWER TO CLASS ACTION COMPLAINT
CASE NO. 2:24-CV-03003-MWF-MAA

**ANSWER**:  Albert admits that Plaintiff purports to represent a class of similarly situated individuals, but Albert denies that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case, or that the claims in this action have any merit.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

**ANSWER:** Admitted.

6.     This Court has jurisdiction over Defendant because Defendant is headquartered in this District, conducts business transactions in this District and has committed tortious acts in/from this District.

**ANSWER:** Albert admits that it has its primary mailing address in Covina, California and conducts business across the United States, including California. Albert does not challenge personal jurisdiction in this District.  Albert otherwise denies the allegations in Paragraph 6.

7.     Venue is proper in this District because Defendant resides within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed from, and/or emanated from this District.

**ANSWER**:  Albert admits that it has its primary mailing address in Covina, California, and does not challenge venue in this District, but it otherwise denies the allegations in Paragraph 7.

## PARTIES

8.     Plaintiff Tyquila Collins ("Ms. Collins" or "Plaintiff") is, and at all times mentioned herein was, a citizen and resident of Shreveport, Louisiana.

**ANSWER:** Albert lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and on that basis denies them.

9.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:** Albert lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and on that basis denies them.

10.     Defendant is, and at all times mentioned herein was, a Delaware corporation headquartered at 440 N. Barranca Avenue, #3801, Covina, California 91723.

**ANSWER:** Albert admits that it is, and at all relevant times mentioned was, a Delaware corporation with a mailing address of 440 N. Barranca Avenue, #3801, Covina, California 91723.

11.     Defendant may be served via its registered agent, Registered Agents, Inc. at 1401 21st Street, Ste. R, Sacramento, California 95811.

**ANSWER:** Admitted.

12.     Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

**ANSWER**: Admitted.

### TCPA BACKGROUND

13.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 372 (2012) (citations omitted).

**ANSWER:** Paragraph 13 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Albert admits that Congress enacted the TCPA but denies the allegations contained in Paragraph 13.

14.     Relevant here, the TCPA required the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

**ANSWER:** Paragraph 14 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, the cited statute speaks for itself. Albert denies any other allegations contained in Paragraph 14.

15.    The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific do not call systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

**ANSWER:** Paragraph 15 asserts legal conclusions and argument to which no response is required. To the extent a response is required, the cited statute speaks for itself. Albert denies any other allegations contained in Paragraph 15.

16.    Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 7 FCC Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

**ANSWER**:  Paragraph 16 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Albert admits the FCC issued an implementation order, the contents of which speak for itself. Albert denies any other allegations contained in Paragraph 16.

17.    The FCC found that "the company-specific do-not-call list alternative is the most effective and efficient means to permit telephone subscribers to avoid unwanted telephone solicitations." *Id.* at 8765, ¶ 23.

**ANSWER:** Paragraph 17 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Albert admits the FCC issued an implementation order, the contents of which speak for itself. Albert denies any other allegations contained in Paragraph 17.

18.    However, recognizing that an honor system would probably be insufficient, the FCC found that it "must mandate procedures for establishing company-specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id.* at ¶ 24.

**ANSWER:** Paragraph 18 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Albert  admits the FCC issued an implementation order, the contents of which speak for itself.  Albert denies any other allegations contained in Paragraph 18.

19.     These regulations are codified at 47 C.F.R. § 64.1200(d)(1)-(7).

**ANSWER:** Paragraph 19 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Albert admits that contents of 47 C.F.R. § 64.1200(d)(1)-(7) speak for themselves.

20.     Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. § 64.1200(d) (1, 2, 3, 6).

**ANSWER:** Paragraph 20 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Albert admits that the FCC issued regulations, the contents of which speak for themselves.  Albert denies any other allegations contained in Paragraph 20.

21.     These policies and procedures prohibit a company from making calls for telemarketing purposes unless they have implemented these policies and procedures. 47 C.F.R. § 64.1200(d).

**ANSWER:** Paragraph 21 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Albert admits that the FCC issued regulations, the content of which speak for themselves.  Albert denies any other allegations contained in Paragraph 21.

22.     Accordingly, all telemarketing calls violate the TCPA, unless Defendant can demonstrate that it has implemented the required policies and procedures.

**ANSWER:** Denied.

23.     There is a private right of action to enforce 47 C.F.R. § 64.1200(d) through § 227(c):

> [S]ection 227(c)(5)… empowers 'any person' to sue for damages and injunctive relief for do-not-call violations 'by or on behalf of' a company. In accordance with this statutory provision, the Commission's company-specific do-not-call rules provide that '[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has

instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity[.]' 47 C.F.R. § 64.1200(d).

*In re Dish Network*, 28 FCC. Rcd. 6574, ¶ 29 (2013).

**ANSWER:** Paragraph 23 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Albert states that the contents of the cited record speaks for itself. Albert denies any other allegations contained in Paragraph 23.

24. A company must comply with the procedures for the company specific do-not-call list. A failure to comply with either is distinct a violation of 47 U.S.C. § 227(c).

**ANSWER:** Paragraph 24 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Albert admits that the contents of the cited statute speaks for itself. Albert denies the allegations contained in Paragraph 24.

25. Though some of these requirements mention "residential" telephones, they were all extended to cover calls to cellular telephones that are used for residential purposes. 47 C.F.R. § 64.1200(e).

**ANSWER**: Paragraph 25 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Albert admits that the content of the C.F.R. section speaks for itself. Albert denies any other allegations contained in Paragraph 25.

26. Further, a person or entity can be liable for calls made on its behalf in violation of the TCPA, even if that person or entity did not directly dial such calls. See, e.g., In re Rules & Regs. Implementing the TCPA, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) (explaining that the FCC's "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any [TCPA] violations"). In fact, in May 2013, the FCC issued a binding declaratory ruling clarifying that sellers "may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers . . . under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification." In re Joint Petition Filed by

DISH Netowrk, LLC et al. for Declarator Ruling Concerning the TCPA Rules, 28 FCC Rcd. 6574, 6584 ¶28 (2013).

**ANSWER**:  Paragraph 26 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Albert states that the cited materials speak for themselves.  Albert denies any other allegations contained in Paragraph 26.

27.    Accordingly, an entity can be liable under the TCPA for a prohibited call made on its behalf under a number of theories including vicarious liability. Under those circumstances, the seller is properly deemed to have initiated the call through the person or entity that actually placed the call.

**ANSWER**:  Paragraph 27 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Albert denies the allegations contained in Paragraph 27.

28.    Finally, text messages, such as the ones sent by Defendant, are subject to the TCPA and its implementing regulations. See Fed. Commc'ns Comm., Enforcement Advisory No. No. 2016-06, DA 16-1299, *Robotext Consumer Protection: Text Message Senders Must Comply With the Telephone Consumer Protection Act* (Nov. 18, 2016).

**ANSWER**:  Paragraph 28 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Albert admits that the cited advisory speaks for itself.  Albert denies any other allegations contained in Paragraph 28.

## FACTUAL ALLEGATIONS

29.    Ms. Collins is the user of a cellular telephone number ending in 1489

**ANSWER**:  Albert lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and on that basis denies them.

30.    Ms. Collins's cellular telephone number ending in 1489 is used for residential purposes and is not associated with a business.

ANSWER TO CLASS ACTION COMPLAINT
CASE NO. 2:24-CV-03003-MWF-MAA

**ANSWER**:  Albert lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and on that basis denies them.

31.    Defendant sent Ms. Collins multiple unsolicited text messages soliciting Defendant's products and services.

**ANSWER**: Albert admits that it sent text messages to Albert users with a phone number ending in -1489, and otherwise denies the allegations in Paragraph 31.

32.    Defendant's text messages related to Defendant's budgeting, banking and investment service, which Defendant offers via a downloadable application.

**ANSWER**:  Albert admits that on its website and application, it describes certain services that Albert offers, including banking, budgeting, and investing. Albert further admits that on the home page of its website, a website user may click a button that says "Get Started" to access a QR code that can be used to download the Albert app. Albert otherwise denies the rest of the allegations in Paragraph 32.

33.    Defendant's text messages included a link (i.e., app.albrt.co/text-download) that, when clicked, directs a consumer's browser to Albert's website where a consumer can download Albert's budgeting, banking and investment application.

**ANSWER**:  Defendant admits that it may send texts to certain Albert users for various purposes, including customer support and servicing, some of which may include a link to the Albert application or website. Albert otherwise denies the allegations in Paragraph 33.

34.    Defendant touts its application as "the simple way to budget, bank, save and invest."

**ANSWER**:  The website cited in footnote 3 to Paragraph 34 in the Complaint speaks for itself. Albert otherwise denies the allegations in Paragraph 34.

35.    Defendant charges for its services on a monthly basis.

**ANSWER**:  Albert admits that it charges for certain of its offered services on a monthly basis.

36.    A subscription to Defendant's services costs up to $14.99/month.

**ANSWER:** The website cited in footnote 4 as support for Paragraph 36 in the Complaint speaks for itself. Albert admits that at times it has offered certain services for up to $14.99/month.  Albert otherwise denies the allegations in Paragraph 36.

37.    Defendant's application also provides users with access to financial professionals for an additional fee.

**ANSWER:** Denied.

38.    Defendant continued texting Ms. Collins even after she requested that Defendant stop sending her text messages.

**ANSWER:** Denied.

39.    For example, and as shown below, on March 7, 2023 at 5:30pm, March 25, 2023 at 2:04 pm, and April 1, 2023 at 12:07 pm Defendant sent Ms. Collins text messages for telemarketing purposes that included a generic link to download Defendant's application (i.e., https://app.albrt.co/text-download).

**ANSWER:** Denied.

40.    On April 1, 2023 at 2:27pm, Ms. Collins responded to the text message and replied "Stop."

**ANSWER:** Albert lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and on that basis denies them.

41.    Ms. Collins received another text message that stated she was "unsubscribe from text messages."

ANSWER TO CLASS ACTION COMPLAINT
CASE NO. 2:24-CV-03003-MWF-MAA

**ANSWER:** Albert lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and on that basis denies them.

42.    Despite this, she continued to receive text messages from Defendant as shown below on April 8, 2023 at 11:01am and April 13, 2023 at 5:07pm.

**ANSWER:** Albert lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and on that basis denies them.

43.    In addition to the above, Ms. Collins received additional text messages from Defendant, following her STOP request, on at least the following dates and times:

- April 25, 2023 at 4:01pm;
- May 2, 2023 at 2:03pm;
- May 9, 2023 at 1:02pm
- May 26, 2023 at 2:48pm;
- June 2, 2023 at 12:03pm;
- June 8, 2023 at 5:04pm
- June 26, 2023 at 12:01pm;
- July 2, 2023 at 5:02pm;
- July 8, 2023 at 3:32pm;
- July 15, 2023 at 4:39pm;
- July 27, 2023 at 3:32pm;
- August 2, 2023 at 1:07pm;
- August 7, 2023 at 5:30pm;
- August 14, 2023 at 4:02pm;
- August 27, 2023 at 11:02pm;
- September 2, 2023 at 4:37pm;
- September 8, 2023 at 3:33pm;
- September 14, 2023 at 3:02pm;
- September 27, 2023 at 11:35am;
- October 3, 2023 at 5:18pm;
- October 9, 2023 at 4:03pm;
- October 15, 2023 at 3:39pm;
- October 28, 2023 at 3:05pm;
- November 3, 2023 at 3:42pm;
- November 9, 2023 at 4:12pm;
- November 15, 2023 at 4:47pm;

- November 28, 2023 at 1:37pm;
- December 4, 2023 at 12:16pm;
- December 9, 2023 at 5:12pm;
- December 29, 2023 at 1:33pm;
- January 4, 2024 at 11:39am;
- January 9, 2024 at 5:03pm; and
- January 16, 2024 at 3:05pm.

**ANSWER**: Albert lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and on that basis denies them.

44.    Ms. Collins did not provide her consent to receive these text messages.

**ANSWER:** Albert lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and on that basis denies them.

45.    To the extent Defendant had any consent to send these text messages, Plaintiff revoked such consent as shown above.

**ANSWER:** Albert lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and on that basis denies them.

46.    Defendant's records or the records of third parties will reveal all of the text messages Defendant sent to Ms. Collins.

**ANSWER**: Albert lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and on that basis denies them.

47.    Despite Ms. Collins's requests, Defendant continued to text Ms. Collins.

**ANSWER:** Denied.

48.    Defendant or those otherwise sending text messages on Defendant's behalf, did not have written do-not-call policies or procedures at the time of the texts to Ms. Collins and the class defined below. Alternatively, whatever written policies existed either failed to comply with the minimum requirements under the TCPA, 47 C.F.R. § 64.1200(d), or were never properly implemented—including as

ANSWER TO CLASS ACTION COMPLAINT
CASE NO. 2:24-CV-03003-MWF-MAA

evidenced by the continued text messages to Ms. Collins after she directly asked not to be contacted.

**ANSWER:**

49.    Defendant's violations were negligent.

**ANSWER:** Denied.

50.    Alternatively, Defendant's violations were willful and knowing.

**ANSWER:** Denied.

51.    Ms. Collins and the classes were damaged by the violations alleged herein. Their privacy was improperly invaded, Defendant's text messages temporarily seized and trespassed upon the use of their phones, and they were forced to divert attention away from other activities to address the unwanted text messages. The text messages were annoying and a nuisance, and wasted the time of Ms. Collins and the class members. See, e.g., Mims, 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to prerecorded calls).

**ANSWER:** Denied.

## **DEFENDANT'S LIABILITY**

52.    Defendant uses automated systems to send text messages, to hundreds if not thousands of consumers across the U.S.

**ANSWER**: Albert understands the phrase "automated systems" to be intended to mean an "automated telephone dialing system" under the TCPA. Subject to that understanding, Albert denies the allegations of Paragraph 52.

53.    Defendant sent two or more telemarketing texts to Ms. Collins despite not having in place the required policies and procedures prior to sending such messages. This constitutes a violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.1200(d)(1).

**ANSWER:** Denied.

54.     Defendant failed to honor Ms. Collins' do-not-call request. This constitutes a violation of 47 U.S.C. § 227(c) through in violation of 47 C.F.R. 64.1200(d)(3).

**ANSWER:** The allegations in the second sentence of Paragraph 54 assert legal conclusions and argument to which no response is required.  To the extent a response is required, Albert denies that allegation, and it denies the other allegations contained in Paragraph 54.

55.     Accordingly, for violations of 47 C.F.R. § 64.1200(d), Ms. Collins is entitled to $500 per call through 47 U.S.C. § 227(c).

**ANSWER:** Denied.

56.     Ms. Collins is entitled to an additional $1,500 per call if Defendant's actions are found to be knowing or willful.

**ANSWER:** Denied.

## CLASS ALLEGATIONS

57.     Ms. Collins brings this action under Fed. R. Civ. P. 23 on behalf of the following "Class," defined as follows:

> All persons in the United States (i) to whom more than one text message was sent for the purpose of encouraging the purchase of Defendant's goods or services in any 12-month period since the date four years prior to the filing of this action, (ii) to a residential telephone number, (iii) that Defendant's records indicate sent a reply text message communicating a desire that Defendant stop sending text messages before at least one such text message.

**ANSWER:** Albert admits that Plaintiff's complaint purports to be a class action and to define the member of the proposed class as set forth in Paragraph 57. Albert denies any remaining allegations in Paragraph 57. Albert further denies that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case or that this case is appropriate for class treatment.

58.     Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge

and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

**ANSWER:** Albert admits that Plaintiff purports to define the members of the proposed class as set forth in Paragraph 58 but denies any remaining allegations in Paragraph 58. Albert further denies that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case or that this case is appropriate for class treatment.

59.    The Members of the Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

**ANSWER:** Denied.

60.    The exact number and identities of the persons who fit within the Class are ascertainable in that Defendant and/or third parties maintain written and electronically stored data showing:

      a.  The time period(s) during which Defendant sent its text messages;
      b.  The telephone numbers to which Defendant sent its text messages;
      c.  The telephone numbers for which Defendant had prior express written consent;
      d.  The telephone numbers that replied to Defendant's text messages with a message communicating a desire that Defendant stop sending text messages;
      e.  The purposes of such text messages; and
      f.  The names and addresses of Class members.

**ANSWER:** Albert admits that it does collect certain information about its users who open accounts and it does have information about certain texts it has sent.  Albert otherwise denies the allegations in Paragraph 60. Albert further denies that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case or that this case is appropriate for class treatment.

61.    The Class is comprised of hundreds, if not thousands, of individuals.

**ANSWER:** Denied. Albert further denies that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case or that this case is appropriate for class treatment.

62.    There are common questions of law and fact affecting the rights of the Members of the Class, including, inter alia, the following:

      a.  Whether Defendant (or someone acting on its behalf) sends telemarketing text messages;

      b.  Whether Defendant (or someone acting on its behalf) obtains prior express written consent

      c.  Whether Defendant had the required policies and procedures prior to sending telemarketing text messages;

      d.  Whether Defendant honors do-not-call requests;

      e.  Whether Defendant's statutory violations were willful and knowing; and

      f.  Whether Defendant should be enjoined from engaging in such conduct in the future.

**ANSWER:** Denied. Albert further denies that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case or that this case is appropriate for class treatment.

63.    Plaintiff is a member of the Class in that Defendant sent two or more texts for telemarketing purposes, in a one-year period to her telephone number, after she asked Defendant to stop.

**ANSWER:** Paragraph 63 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Albert also lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 regarding whether Plaintiff was the owner of the phone number ending in -1489 at the time that number received the texts from Albert identified in the Complaint, and on that basis denies them. Albert denies the remaining allegations contained in Paragraph 63. Albert further denies that the

requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case or that this case is appropriate for class treatment.

64.     Plaintiff's claims are typical of the claims of the Members of the Class in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

**ANSWER:** Denied. Albert further denies that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case or that this case is appropriate for class treatment.

65.     Plaintiff and all putative Members of the Class have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Class spent time tending to Defendant's unwanted text messages and suffered a nuisance and an invasion of their privacy.

**ANSWER:** Denied.

66.     Plaintiff has no interests antagonistic to, or in conflict with, the Class.

**ANSWER:** Albert lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and on that basis denies them. Albert further denies that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case or that this case is appropriate for class treatment.

67.     Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent her and the Class.

**ANSWER:** Albert lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67, and on that basis denies them. Albert further denies that the requirements for class certification under Fed. R. Civ.

P. 23 (or any other Rule) can be satisfied in this case or that this case is appropriate for class treatment.

68.     Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class.

**ANSWER:** Denied.

69.     The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

**ANSWER:** Denied. Albert further denies that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case or that this case is appropriate for class treatment.

70.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, inter alia, the damages suffered by each class member make individual actions uneconomical.

**ANSWER**: Denied. Albert further denies that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case or that this case is appropriate for class treatment.

71.     Common questions will predominate, and there will be no unusual manageability issues.

**ANSWER:** Denied. Albert further denies that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case or that this case is appropriate for class treatment.

## CAUSE OF ACTION

72.     Plaintiff and the proposed Class incorporate the allegations of paragraphs 1-71 as if fully set forth herein.

**ANSWER:** Albert incorporates by reference, as if fully set forth here, its responses to the allegations in Paragraphs 1 through 71.

73.    Defendant sent numerous text messages for telemarketing purposes to Plaintiff's and putative Class Members' telephone numbers.

**ANSWER:** Albert admits that it may send texts to certain Albert users who opt in to receiving such texts for various purposes. Albert otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and on that basis denies them.

74.    Defendant did so despite not having a written policy pertaining to "do not call" requests.

**ANSWER:** Denied.

75.    Defendant did so despite not training its personnel on the existence or use of any internal "do not call" list or policy.

**ANSWER:** Denied.

76.    Defendant did so despite not recording or honoring "do not call" requests.

**ANSWER:** Denied.

77.    Defendant sent two or more telemarketing text messages to Plaintiff and putative Class Members' telephone numbers in a 12-month period.

**ANSWER:** Denied.

78.    Plaintiff and putative Class Members are entitled to an award of $500 in statutory damages per telephone call pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:** Denied.

79.    Plaintiff and putative Policy Class Members are entitled to an award of treble damages in an amount up to $1,500 per telephone call, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:**  Denied.

## **PRAYER FOR RELIEF**

Albert denies that Plaintiff is entitled to any of the relief prayed for in the Complaint. Albert admits that Plaintiff seeks such relief.

## **AFFIRMATIVE DEFENSES**

In further response to Plaintiff's complaint, Albert asserts the following affirmative defenses based on information and belief, and without assuming the burden of proof on any issue for which Plaintiff bears the burden of proof:

### **First Affirmative Defense**

### **(Failure to State a Claim)**

The Complaint and each purported cause of action asserted therein fail to state a claim against Albert upon which relief can be granted.

### **Second Affirmative Defense**

### **(Prior Express Permission)**

Plaintiff's claims, and claims of the members of the purported class, are barred to the extent that any putative class member provided Albert with prior express permission for the alleged messages.

### **Third Affirmative Defense**

### **(Waiver and Estoppel)**

Plaintiff and members of the purported class have waived their right to recover herein, in whole or in part, or are also barred by the doctrine of estoppel.

### **Fourth Affirmative Defense**

### **(Not Willful or Knowing)**

Plaintiff is precluded from any recovery from Albert for a willful and knowing violation of the TCPA because any such violation (which Albert denies occurred) would not have been willful or knowing.

**<u>Fifth Affirmative Defense</u>**

**<u>(Substantial Compliance with Laws)</u>**

Albert is not liable to Plaintiff or members of any purported class because Albert acted reasonably and with due care and substantially complied with all the applicable statutes, regulations, ordinances, and/or other laws.

**<u>Sixth Affirmative Defense</u>**

**<u>(Excessive Penalties)</u>**

The statutory penalties sought by Plaintiff on behalf of itself and members of the purported class are excessive and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution and the "excessive fines" provision of the Eighth Amendment to the United States Constitution.

**<u>Seventh Affirmative Defense</u>**

**<u>(No Satisfaction of Rule 23 Requirements)</u>**

To the extent Plaintiff seeks to bring this Complaint on behalf of a class, this action cannot be maintained as a class action because, among other things, Plaintiff does not and cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

**<u>Eighth Affirmative Defense</u>**

**<u>(Defenses Specific to Putative Class Members)</u>**

Albert may have additional individualized affirmative defenses applicable to different purported members of Plaintiff's proposed class. Albert reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

**<u>Ninth Affirmative Defense</u>**

**<u>(Reservation of Rights)</u>**

Albert reserves the right to raise additional affirmative defenses to which it may be entitled or which may be developed in the course of discovery.

ANSWER TO CLASS ACTION COMPLAINT
CASE NO. 2:24-CV-03003-MWF-MAA

## **PRAYER**

WHEREFORE, Albert requests that the Court enter a judgment against Plaintiff:

    1.      That Plaintiff take nothing by reason of the Complaint;

    2.      That judgment be entered in favor of Albert and against Plaintiff;

    3.      For costs and attorneys' fees incurred by  Albert, if and to the extent permitted by law; and

    4.      Granting such other and further relief to Albert as this Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Albert demands a trial by jury.


Dated:  August 30, 2024

Respectfully submitted,

By:  */s/ Randall W. Edwards*
Randall W. Edwards
O'MELVENY & MYERS, LLP

*Attorney for Defendant,*
*Albert Corporation*

ANSWER TO CLASS ACTION COMPLAINT
CASE NO. 2:24-CV-03003-MWF-MAA